## McIntyre v. Ford Motor Company

*Aaron S. Swartz, 3rd,* for plaintiff.

*George C. Corson, Jr.,* for defendant.

TREDINNICK, J., January 24, 1973.—Arbitration in this trespass matter resulted in a verdict in favor of defendant. Plaintiff appealed, and defendant has filed a motion to quash that appeal since plaintiff failed to file a "praecipe ordering the case for trial on the civil trial list" within 20 days as required by local rule 806(1).

The Superior Court has recently determined that a *statutory* requirement that costs be paid in order to perfect an appeal from arbitration is directory only: Meta v. Yellow Cab Co., 222 Pa. Superior Ct. 469 (1972). Plaintiff argues that that precedent rules this case, and that the local rule in question must likewise be considered directory and not mandatory. For reasons set forth hereafter, we need not now determine that issue.

It will be noted that the quoted rule requires the filing of a *trial* praecipe. However, rule 262 of this court states that: "Cases shall be placed on the general civil trial list *only* upon certification of one of the judges of this court that such case has been pretried and is ready for trial."

It is readily apparent that in requiring appellant to file a praecipe to place his case on the trial list as part of the appeal procedure, rule 806(1) asks him to do something which can only be accomplished by a judge of this court. Accordingly, the requirement is meaningless, and the motion to quash must be dismissed. The matter will be referred to the Civil Rules Committee to initiate corrective action.

## ORDER

And now, January 24, 1973, the motion to quash is dismissed.